UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC LAMAAR MONTGOMERY, | Case No. 1:25-cv-00708-KES-EPG (PC) |
| Plaintiff, | ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE DEFENDANT AND FAILURE TO PROSECUTE |
| v. | |
| CDCR, et al., | |
| Defendants. | RESPONSE, IF ANY, DUE WITHIN THIRTY (30) DAY DEADLINE |

Plaintiff Issac Lamaar Montgomery ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 7). In his complaint filed on June 11, 2025, Plaintiff alleges that his constitutional rights were violated when Defendants failed to provide protective equipment to clean up a deceased inmate's blood and bodily fluids. (ECF No. 1 at p. 8).

The Court has attempted to serve Defendant Gonzalez through the California Department of Corrections and Rehabilitation ("CDCR"). However, CDCR has been unable to locate Defendant Gonzalez based on the information provided.

Accordingly, the Court orders Plaintiff to show cause as to why this case should not be dismissed without prejudice for failure to serve Defendant Gonzalez and failure to prosecute.

\\\

\\\

1

## I.   PROCEDURAL HISTORY

On October 29, 2025, the Court issued a screening order, finding that Plaintiff's constitutional rights were violated when Defendant Gonzalez and DOES 1-10 failed to provide protective equipment to clean up a deceased inmate's blood and bodily fluids.  (ECF No. 10).

On November 14, 2025, Plaintiff informed the Court he wished to proceed on the cognizable claims in the complaint and dismiss all remaining claims and Defendants. (ECF No. 11). On November 24, 2025, the Court issued Findings and Recommendations recommending that the case proceed only on Plaintiff's claims for Failure to Protect and Conditions of Confinement in violation of the Eighth Amendment against Defendant Gonzalez and DOES 1-10. (ECF No. 12). All remaining claims and Defendant CDCR were dismissed. (*Id.*).

That same day, the Court issued an order authorizing service on Defendant Gonzalez through E-Service pilot program for civil rights cases for the Eastern District of California by sending the documents to the California Department of Corrections and Rehabilitation (CDCR) and the California Attorney General's Office.  (ECF No. 13). The Court provided information given by the Plaintiff: specifically, the date of the incident, the location of the incident, and the name of Defendant.

On December 5, 2025, the summons were returned unexecuted because Defendant Gonzalez was unable to be identified with the information provided. (ECF No. 16).

## II.   DISCUSSION

### A.  Legal Standards

Pursuant to Federal Rule of Civil Procedure 4(m),

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the United States Marshal ("the Marshal"), upon order of the Court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(3).  "'[A] pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his

2

action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties[.]" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990) (alterations in original)), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).  However, where a plaintiff proceeding *in forma pauperis* fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421-22.

**B.  Failure to Serve Defendant Gonzalez**

The United States Marshals Service has attempted to serve Defendant Gonzalez but has been unable to locate that person based on the information provided. Specifically, the USMS stated that, "Per CDCR, there are multiple Gonzalez assigned to the facility on first watch and…that worked on day in question." (ECF No. 16).  Thus, Plaintiff has failed to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint on Defendant Gonzalez and has failed to serve Defendant Gonzalez within the time period required by Federal Rule of Civil Procedure 4(m).

**C.  Failure to Prosecute**

Failure to prosecute may be grounds for dismissal.  "In determining whether to dismiss a[n] [action] for failure to prosecute . . . , the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . . It is incumbent upon the Court to manage its docket without being subject to

3

routine noncompliance of litigants. . . ." *Pagtalunan*, 291 at 639. While Plaintiff named a Defendant for the action to proceed against, he failed to provide sufficient and accurate information for the Marshal service to effectuate service on the named Defendant. This failure is delaying the case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish,* 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case that is causing delay.  Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Considering Plaintiff's *in forma pauperis* status, monetary sanctions are of little use.  And, in light of the status of the case and Plaintiff's failure to serve Defendant Gonzalez for service, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal.  *Id.*

## III.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.  Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause in writing why this case should not be dismissed, without prejudice, because of Plaintiff's failure to timely serve Defendant, failure to comply with a court order, and failure to prosecute this case.

IT IS SO ORDERED.

Dated:   **March 17, 2026**          /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE

4