UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC LAMAAR MONTGOMERY,<br>Plaintiff,<br>v.<br>CDCR, et al.,<br>Defendant. | Case No. 1:25-cv-00708-KES-EPG (PC)<br>ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT; DENYING MOTION TO APPOINT COUNSEL<br>(ECF No. 29) |

## I. INTRODUCTION

Plaintiff Issac Lamaar Montgomery ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. (ECF Nos. 1, 7). In his complaint filed on June 11, 2025, Plaintiff alleges that his constitutional rights were violated when Defendants failed to provide protective equipment to clean up a deceased inmate's blood and bodily fluids. (ECF No. 1 at 8).

Before the Court is Plaintiff's Motion for Leave to Amend Complaint, in which Plaintiff seeks leave to file a first amended complaint in order to present more complete facts of the case and more fully identify the defendants. (ECF No. 29). Additionally, Plaintiff seems to seek an appointment of pro bono counsel within his motion. (*Id.* at 5).

For the reasons set forth, the Court shall grant Plaintiff's Motion for Leave to Amend his Complaint. However, the Court shall deny Plaintiff's request for the appointment of pro bono counsel.

## II. BACKGROUND

Plaintiff filed his complaint on June 11, 2025, and the Court screened the complaint on October 29, 2025, finding that Plaintiff made cognizable claims for Failure to Protect and Conditions of Confinement Against Defendants Gonzalez and DOES 1-10. (ECF No. 10). On February 11, 2026, the District Judge ordered that "[t]his action shall proceed **only** on Plaintiff's claims for failure to protect and conditions of confinement in violation of the eighth amendment against defendants Gonzalez and Does 1-10." (ECF No. 17).

However, Plaintiff has had difficulty identifying and serving defendants. The Court has twice attempted service on Defendant Gonzalez through the California Department of Corrections and Rehabilitation (CDCR), but CDCR has responded that it lacks sufficient information to identify that person given the number of Officers at the institution with the last name of Gonzalez or Gonzales. (ECF No. 15, 16, 26, 27)

## III. MOTION FOR LEAVE TO AMEND COMPLAINT

On July 9, 2026, Plaintiff filed a Motion for Leave to Amend the Complaint. (ECF No. 29). The motion indicates that Plaintiff now has the assistance of a legal assistant who regularly assists inmates with legal filings and is familiar with the incident underlying Plaintiff's case. That assistant has indicated that "much of the facts and information critical to the case is missing," and "the only way to cure the deficiencies in this case, would be to amend the complaint." (ECF No. 2). Attached to the motion is the declaration of the assistant, Ernest Brooks, who states in part that he can also "correctly identify the Defendants in this case." (ECF No. 29.[1]

Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also Waldrip v. Hall*, 548 F.3d 729, 732 (9th Cir. 2008). "However, liberality in granting leave to amend is subject to several limitations.

[1] In the conclusion to the motion, Plaintiff also requests this action "be dismissed without prejudice." (ECF No. 29, at p. 4). However, given the rest of the motion, it is not clear if this request was intentional. Accordingly, the Court will not dismiss the case without prejudice at this time. If Plaintiff wishes to voluntarily dismiss this case without prejudice, he may file another motion with the Court.

Those limitations include undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); *see also Waldrip*, 548 F.3d at 732.

The Court will grant Plaintiff's request for leave to file an amended complaint. While the Court has screened the complaint and subsequently authorized service on Defendant Gonzalez, it has been unable to identify and serve Defendant Gonzalez or any of the Doe Defendants. Thus, without amendment, this case will likely be dismissed without prejudice for failure to serve Defendants. Accordingly, the Court will provide Plaintiff with an additional opportunity to file an amended complaint that may better explain the incident and identify the responsible defendant(s).

Plaintiff should note that although he has been given the opportunity to amend the complaint, it is not for the purpose of changing the nature of this suit or adding additional claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Additionally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint" and refer to the appropriate case number. Additionally, the amended complaint shall not be more than twenty pages long.

Finally, Plaintiff shall file his amended complaint no later than 60 days from the date of this order, i.e, by September 14, 2026. If Plaintiff files an amended complaint, the Court will screen that amended complaint. If Plaintiff does not file an amended complaint by that date, the case will proceed on the original complaint, which is currently subject to dismissal for failure to identify and serve the Defendants.

## IV. MOTION TO APPOINT COUNSEL

In his motion for leave to file an amended complaint, Plaintiff includes a declaration by Ernest Brooks, an inmate at California Substance Abuse Treatment Facility. Amongst other things, Mr. Brooks states the following, "If the court would grant leave to amend, I can

adequately present facts in this case and would correctly identify the Defendants in this case." (ECF No. 29 at 5). Additionally, Mr. Brooks states that he believes counsel should be appointed because Plaintiff is an "ADA Class Member." To the extent Plaintiff seeks appointment of counsel, the Court will deny such a request at this time.

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims.

Plaintiff is advised that he is not precluded from renewing his request for appointment of pro bono counsel at a later stage of the proceedings.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's Motion for Leave to Amend Complaint (ECF No. 29) is GRANTED.
2. Plaintiff has until September 14, 2026 to file his amended complaint.
3. The Clerk of Court is directed to send Plaintiff a § 1983 civil rights complaint form.
4. Should Plaintiff choose to amend his complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:25-cv-708-KE-EPG.

5. If Plaintiff does not file an amended complaint by September 14, 2026, the action will proceed on the original complaint and **will be subject to dismissal for failure to serve Defendants.**
6. Plaintiff's request to appoint counsel is DENIED.

IT IS SO ORDERED.

Dated: **July 15, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE