UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ISAAC LAMAAR MONTGOMERY,

Plaintiff,

v.

GONZALEZ, et al.,

Defendants.

Case No. 1:25-cv-00708-KES-EPG (PC)

FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S CLAIMS OF FAILURE TO PROTECT AND CONDITIONS OF CONFINEMENT IN VIOLATION OF THE EIGHTH AMENDMENT AGAINST DEFENDANT GONZALEZ AND DOES 1-5 PROCEED PAST SCREENING AND ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED

(ECF No. 31)

## I. INTRODUCTION

Plaintiff Isaac Lamaar Montgomery is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. (ECF Nos. 1, 7). In his initial complaint filed on June 11, 2025, Plaintiff alleged Defendant Gonzalez and other Doe Defendants forced Plaintiff and other inmates to clean up a deceased inmate's blood and bodily fluids without appropriate protective equipment. (ECF No. 1 at 8).

On October 29, 2025, the Court screened the complaint and found that Plaintiff made cognizable claims for Failure to Protect and Conditions of Confinement Against Defendants Gonzalez and DOES 1-10. (ECF No. 10). On February 11, 2026, the District Judge ordered that "[t]his action shall proceed **only** on Plaintiff's claims for failure to protect and conditions of

confinement in violation of the eighth amendment against defendants Gonzalez and Does 1-10." (ECF No. 17).

However, Plaintiff has had difficulty identifying and serving defendants. The Court has twice attempted service on Defendant Gonzalez through the California Department of Corrections and Rehabilitation (CDCR), but CDCR has responded that it lacks sufficient information to identify that person given the number of Officers at the institution with the last name of Gonzalez or Gonzales. (ECF No. 15, 16, 26, 27).

On July 11, 2026, Plaintiff filed a Motion for Leave to Amend the Complaint, in which he sought leave to file a first amended complaint in order to present more complete facts of the case and more fully identify the defendants. (ECF No. 29). On July 15, 2026, the Court granted Plaintiff's motion for leave to file a first amended complaint in order to provide him with an additional opportunity to better explain the incident and identify the responsible defendants. (ECF No. 30).

Plaintiff filed a first amended complaint on August 10, 2026. (ECF No. 31) and it is now before the Court for screening. Upon review, the Court recommends that Plaintiff's claims for failure to protect and conditions of confinement in violation of the Eighth Amendment against Defendants Gonzalez and Does 1-5 proceed past the screening stage and all other claims and defendants be dismissed.

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or a portion of it, if the prisoner raises claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). Because Plaintiff is proceeding *in forma pauperis* (ECF No. 7), the Court may also screen the complaint under 28 U.S.C. § 1915(e)(2)(B)(i-iii), which directs the Court to dismiss a case at any time if the Court determines that it is frivolous or malicious, fails to state a claim, or seeks relief against an immune defendant.

## III. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT[1]

Plaintiff sues: (1) CDCR; (2) correctional officer M. Gonzalez; and (3) correctional officers Does 1-5. He alleges the events described in the amended complaint occurred on June 6, 2024, at the Substance Abuse Treatment Facility ("SATF") located in Corcoran, CA. (ECF No. 31 at 4).

Plaintiff alleges the following. On June 6, 2024, Plaintiff found his cellmate Fennell bleeding from a cut to his wrist and Plaintiff sought assistance from Doe correctional officers. Plaintiff and two other inmates were directed to exit the cell and wait in the dayroom. (ECF No. 31 at 4). Eventually, Defendant Gonzalez directed Plaintiff and two inmates to return to their cell. Plaintiff states that upon returning to his cell he felt sick, due to the smell and sight of blood within the cell following the death of inmate Fennell. (*Id.*). Approximately thirty minutes later, Defendant Gonzalez returned to the cell with cleaning supplies and directed Plaintiff to clean up the blood. (*Id.*). Plaintiff was not provided with any training or personal protective equipment. (*Id.*). Plaintiff claims he had to use a "beanie" and "t-shirt to wipe up the blood. (*Id.*).

On June 14, 2024, an inmate was assigned to Plaintiff's cell who Plaintiff represents had fresh cuts on his wrists. The inmate stated he had just come from a crisis bed after attempting suicide. Plaintiff states he immediately when to a C/O station to complain that an inmate who recently attempted suicide was placed in his cell following the suicide of his former cellmate. (*Id.* at 8). Plaintiff claims he was unable to sleep at night because of a fear of waking up to find this inmate had killed himself. (*Id.*).

For relief, Plaintiff seeks compensatory and punitive damages, among other things. (*Id.* at 10).

## IV. ANALYSIS OF PLAINTIFF'S AMENDED COMPLAINT

### a. Section 1983

The Civil Rights Act under which this action was filed provides as follows:

---

[1] For readability, minor alterations, like omitting capitalization, have been made to some of Plaintiff's quotations without indicating each change.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

"The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658,

691, 695 (1978).

**b. Failure to Protect**

Plaintiff's complaint asserts a failure to protect claim based on an alleged failure to provide him with training and personal protective equipment to clean up the blood remaining following his cellmate's death.

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones . . . . " *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation and quotation marks omitted). Among other things, the Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of . . . inmates." *Id.* (citation omitted). To establish a failure to protect claim, a prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Id.* at 837.

"'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer*, 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad*, 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847).

Neither negligence nor gross negligence warrant liability under the Eighth Amendment. *Farmer,* 511 U.S. at 835-36 & n4. An "official's failure to alleviate a significant risk that he should have perceived but did not, ... cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. Instead, "the official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)).

Liberally construing the allegations for the purposes of screening, the Court finds Plaintiff's first amended complaint has sufficiently stated a claim of failure to protect in

violation of the Eighth Amendment against defendants Gonzalez and Does 1-5. Plaintiff alleges that defendants only provided Plaintiff with the supplies to clean up the cell, notwithstanding the fact that he lacked any training or personal protective equipment to safely to do so.

Based on these allegations, the Court finds that Plaintiff's claim for failure to protect against defendants Gonzalez and Does 1-5 may proceed past screening.

**c. Conditions of Confinement**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006); *Osolinski v. Kane*, 92 F.3d 934, 937 (9th Cir. 1996); *Jordan v. Gardner*, 986 F.2d 1521, 1531 (9th Cir. 1993) (en banc). Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Connor,* 515 U.S. 472 (1995); *see also Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982); *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

Two requirements must be met to show an Eighth Amendment violation. *Farmer*, 511 U.S. at 834. "First, the deprivation alleged must be, objectively, sufficiently serious." *Id.* (citation and internal quotation marks omitted). Second, "a prison official must have a sufficiently culpable state of mind," which for conditions of confinement claims "is one of deliberate indifference." *Id.* (citations and internal quotation marks omitted). Prison officials act with deliberate indifference when they know of and disregard an excessive risk to inmate health or safety. *Id.* at 837.

The Court finds that Plaintiff's complaint sufficiently alleges a claim for unconstitutional conditions of confinement against Defendant Gonzalez the Doe correctional

officers to proceed past screening. Plaintiff's complaint alleges that Defendants knowingly exposed him to an unsanitary and unsafe condition by requiring him to clean up a deceased inmate's blood without sufficient protective equipment or training.

**d. Deliberate Indifference**

Plaintiff's amended complaint brings a claim of deliberate indifference for what appears to be defendants' disregard for his complaints about having a cellmate who previously attempted suicide, following the incident with his former cellmate Fennell.

"Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment." *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). This requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the need was deliberately indifferent." *Id.* (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir. 1992), *overruled on other grounds by WMX Technologies v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096 (citation omitted).

Plaintiff's allegations regarding the introduction of this new cellmate to his cell fail to state a constitutional claim. Plaintiff alleges that unable to sleep at night because of a fear of

waking up to find this new inmate had killed himself. (ECF No. 31 at 8). However, Plaintiff does not include facts that indicate the correctional officer defendants he complained to were aware he had a serious medical risk following the suicide of his former cellmate, nor that the defendants acted with a deliberate indifference to this risk. Notably, Plaintiff includes no allegations that he informed defendants about his fear or defendants' responses, if any, to his fear. Plaintiff only claims he pled with the Housing Unit C/Os to move the inmate. (*Id.*).

As such, Plaintiff has failed to state a claim for deliberate indifference against any of the defendants.

**e. Claims Against CDCR**

Plaintiff also names CDCR as a defendant, although Plaintiff's complaint does not contain any allegations against CDCR.

CDCR is not a proper defendant for Plaintiff's claims. As described above, section 1983 applies to "persons" who violate someone's constitutional rights. CDCR is not a person—it is the State of California's Department for Corrections and Rehabilitation. *See Allison v. Cal. Adult Auth.,* 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin State Prison not persons within meaning of Civil Rights Act). Moreover, CDCR is part of the State of California and thus is immune from this type of lawsuit under the Eleventh Amendment and the related doctrine of sovereign immunity. *See Brown v. Cal. Dep't of Corr.,* 554 F.3d 747, 752 (9th Cir. 2009) (California Department of Corrections and California Board of Prison Terms entitled to Eleventh Amendment immunity); *Pittman v. Oregon Employment Dep't*, 509 F.3d 1065, 1071 (9th Cir. 2007) ("[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.").

Accordingly, CDCR is not a proper defendant in this action and is subject to dismissal.

## V. CONCLUSION AND ORDER

The Court has screened Plaintiff's amended complaint and finds that Plaintiff's claims for failure to protect and conditions of confinement in violation of the Eighth against Defendant Gonzalez and Defendants Does 1-5 proceed past screening and all other claims and defendants

be dismissed.

For the above reasons, IT IS HEREBY RECOMMENDED that:

1. This case proceeds on Plaintiff's claims for failure to protect and conditions of confinement in violation of the Eighth Amendment against Defendant Gonzalez and Defendants Does 1-5[2]

2. All other claims and defendants be dismissed without prejudice for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections[3] with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 24, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

[2] Plaintiff is advised that Doe Defendants cannot be served until Plaintiff has identified them and filed a motion to substitute, or amended his complaint to substitute, the named defendants in place of the Doe defendants. For service to be successful, the Court and/or the United States Marshal must be able to identify and locate the defendants to be served.

[3] Plaintiff may file a statement with the Court representing that he agrees to proceed only on the claims of failure to protect and conditions of confinement in violation of the Eighth Amendment against Defendant Gonzalez and DOES 1-5 and voluntarily dismiss the remaining claims and defendants. If Plaintiff does so, the case will proceed on these claims without further order from the district judge.