UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISAAC LAMAAR MONTGOMERY,<br>Plaintiff,<br>v.<br>CDCR, *et al.*,<br>Defendants. | Case No. 1:25-cv-00708-KES-EPG (PC)<br>ORDER AUTHORIZING ISSUANCE OF SUBPOENA *DUCES TECUM* AND SETTING DEADLINES<br>AND<br>ORDER DIRECTING CLERK TO SEND PLAINTIFF A COPY OF FORM AO 88B AND FORM USM-285 |

Plaintiff Issac Lamaar Montgomery ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983 on June 11, 2025. (ECF Nos. 1, 7).

On August 24, 2026, the Court screened the first amended complaint—filed on August 10, 2026—and recommended that Plaintiff's claims for failure to protect and conditions of confinement in violation of the Eighth Amendment against Defendants Gonzalez and Does 1-5 proceed past the screening stage and all other claims and defendants be dismissed.

On September 10, 2026, the Court issued the summons as to Defendant Gonzalez and an order authorizing service on Defendant Gonzalez through E-Service pilot program for civil rights cases for the Eastern District of California by sending the documents to the California Department of Corrections and Rehabilitation (CDCR) and the California Attorney General's Office. The Court provided information given by the Plaintiff: specifically, the date of the incident, the location of the incident, and the name of Defendant.

On October 6, 2026, the summons were returned unexecuted because the Litigation

Coordinator at CSATF indicated there were multiple Gonzalez or Gonzalez working the facility the day and shift of the incident and there was not enough information provided to identify Defendant Gonzalez. (ECF No. 39).

To proceed against Defendant Gonzalez, Plaintiff must adequately identify and serve the defendant or provide the U.S. Marshals Service with sufficient information to serve him. Thus, the Court will provide Plaintiff with an opportunity to seek additional information to identify Defendant Gonzalez. However, it remains Plaintiff's responsibility to identify and serve Defendant Gonzalez.

Although Federal Rule of Civil Procedure 26(d)(1) generally provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)," a party may do so "when authorized . . . by court order." Here, the Court finds good cause to permit Plaintiff to issue a subpoena duces tecum for the limited purpose of discovery of additional identifying information for Defendant Gonzalez, to either allow CDCR to identify him in order to accept service or to allow Plaintiff to serve him at another address. *See Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 305 (E.D. Cal. 2016) (noting that a court may permit, for good cause, early discovery to learn the identities of Doe defendants).

Accordingly, the Court will authorize the issuance of a subpoena *duces tecum* to seek documents from CDCR. The Clerk of Court is directed to send Plaintiff one copy of form AO 88B and one copy of form USM-285, to be completed by Plaintiff. When completing these subpoena forms, Plaintiff should only request documents that may assist him in identifying Defendant Gonzalez with greater particularity or serving Defendant Gonzalez at a different address.

On the AO 88B form, in the section that beings with "To: (Name of person to whom this subpoena is directed)," Plaintiff should identify the person or entity he is seeking the documents from. Because Plaintiff is seeking information about employees at SATF, the California Department of Corrections and Rehabilitation appears to be the logical recipient of the subpoena.

In the blank space between the lines starting with "production" and "place," Plaintiff should identify the documents he is seeking that would assist him in identifying and serving Defendant Gonzalez such as any documents related to current home or mailing address of Gonzalez, or staff

log sheets for the date and location of the incident, or photos, names, and addresses of the officers on duty the day of the alleged incident.

The "place" and date and "time of the production" boxes refer to the date on which the documents should be produced to the Plaintiff and the address of where the documents should be sent, such as the place of his incarceration or his residence.[1]

Plaintiff should **not** fill out Proof of Service section of the AO 88B form, it will be completed by the U.S. Marshals after they serve the subpoena. Similarly, Plaintiff should not fill out the section of the USM-285 form that is marked "Space Below for Use of U.S. Marshal Only – Do Not Write Below this Line."

The "Serve At" Section on the USM-285 form should match "To:" section on the AO 88B form, providing the name and address of the person or entity to whom subpoena is directed, such as California Department of Corrections and Rehabilitation.

Once Plaintiff has completed and returned forms AO 88B and USM-285, the Court will review the documents and, if they are correctly completed, the Court will direct the United States Marshals Service to serve the subpoena.[2] The Court notes that it may limit Plaintiff's request for production of documents.

Plaintiff has 120 days from the date of this order, until February 10, 2027 to serve Defendant Gonzalez with summons and the First Amended Complaint. Failure to adequately identify and serve Defendant Gonzalez and serve those defendants will result in the dismissal without prejudice of the action.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of Court is directed to send Plaintiff one copy of form AO 88B and one copy of form USM-285;
2. Plaintiff has **30 days** from the date of service of this order to complete and return forms AO 88B and USM-285; and
3. Plaintiff has **120 days** from the date of this order, until **February 10, 2027** to serve

[1] The Court notes that CDCR will also have the option of submitting information to the Court confidentially, to the extent it contains personal confidential information regarding Defendant Gonzalez.
[2] If after being served with the subpoena, the California Department of Corrections and Rehabilitation fails to respond or objects to providing documents, Plaintiff may file a motion to compel. The motion must be filed with the Court and served on the responding person or entity.

Defendant Gonzalez with summons and the Complaint. **Failure to serve Defendant Gonzalez will result in dismissal without prejudice of the action.**

IT IS SO ORDERED.

Dated: **October 13, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE